11-1331-cv
Harvey v. Fresquez

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Richard C. Lee United States Courthouse, 141 Church Street, in the City of New Haven, Connecticut, on the 1ˢᵗ day of May, two thousand twelve.

PRESENT:

> JOHN M. WALKER, JR.,
> JOSEPH M. MCLAUGHLIN,
> JOSÉ A. CABRANES,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

CHRISTOPHER L. HARVEY,
> *Plaintiff-Appellant*,

    -v.-                                              No. 11-1331-cv

RICHARD FRESQUEZ, FRESQUEZ ADVISORS LLC,
> *Defendants-Appellees*,

JP MORGAN CHASE BANK, N.A.,
> *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**        Craig Avedisian, New York, NY.

**FOR DEFENDANTS-APPELLEES:**        Ronald Richards, Beverly Hills, CA (James Michael Treece, Epstein Becker & Green P.C., New York, NY, *of counsel*).

Appeal from an order of the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*) entered March 8, 2011.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

Plaintiff-appellant Christopher L. Harvey ("Harvey"), a senior banker at JPMorgan Chase, appeals an order denying his motion for a preliminary injunction to enjoin defendants-appellees Richard Fresquez ("Fresquez"), a mortgage broker licensed in the State of Texas, and Fresquez Advisors LLC ("Advisors"), a Texas resident and Texas LLC (jointly, "appellees"), from enforcing a Texas state court garnishment which was the result of a default on a promissory note signed by Harvey.

We assume the parties' familiarity with the factual history and proceedings below. Briefly, in August 2008, Harvey began communicating with Frezquez regarding a mortgage to refinance his Nantucket summer home. On August 8, 2008, Harvey signed a term sheet agreeing to pay a 2.5% commission if Fresquez was able to procure a $5 million loan. Fresquez successfully located a lender and secured the terms of the financing. In a Demand Promissory Note ("Note") dated November 10, 2008, Harvey agreed to pay $30,000 of the $125,000 commission at the closing of the mortgage, and agreed to pay the remaining $95,000 in "a lump sum payment . . . on or before February 1, 2009." The mortgage transaction closed in New York on November 10, 2008.

Although the mortgage transaction closed in New York, the Note specified that it was to "be enforced in accordance with the laws of the State of Texas." The Note further specified that "[t]he default rate shall be 18% or the maximum allowed by law within the State of Texas, whichever is the higher rate," and that "[a]ll payments should be made to Richard Fresquez, PO Box 821144, Dallas, Texas 75382."

Harvey failed to pay the remaining $95,000 in February 2009. Following several unsuccessful demand letters, appellees filed suit against Harvey in Dallas County, Texas, in May 2009 and obtained a Default Judgment against Harvey on October 13, 2009. On or about March 4, 2010, appellees commenced a second action in Texas state court in Dallas County against Harvey's employer, JPMorgan Chase Bank, N.A. ("Chase"), as garnishee; Chase maintains a place of business in Dallas, Texas. Appellees subsequently moved for summary judgment against Chase, resulting in a May 24, 2010 judgment of garnishment against Chase for $119,249.27.

On June 18, 2010, after the garnishment order was served on Chase but before Chase turned over the funds to Fresquez, Harvey brought the current action in New York Supreme Court seeking the return of the garnished funds and an emergency Order To Show Cause ("OTSC") why a temporary restraining order enjoining the enforcement of the two Texas judgments ought not to be entered; the motion for an OTSC was pending when appellees removed the action to the District Court based on diversity of citizenship, 28 U.S.C. § 1331(a)(1); *see also* Fed. R. Civ. P. 81(c)(2) ("After removal [from state court to federal court], repleading is unnecessary unless the court orders it."). Chase moved for leave to deposit the garnished funds into the District Court pursuant to Federal

Rule of Civil Procedure 67(a).[1]  The District Court granted the motion and Chase deposited the funds into the District Court.

In a judgment filed March 8, 2011, the District Court denied Harvey's OTSC seeking a preliminary injunction and stayed the action pending the disposition of challenges to the default judgment in Texas.

On appeal, Harvey argues, *inter alia*, that the District Court erred in staying the action to require Harvey to challenge the default judgments in Texas and in failing to grant a preliminary injunction based on a lack of personal jurisdiction over Harvey in Texas.

### DISCUSSION

We review a grant or denial of a preliminary injunction under an "abuse of discretion" standard, reversing only if "there has been a clear showing that the District [Court] abused [its] discretion." *Bryan v. Koch*, 627 F.2d 612, 616 (2d Cir. 1980) (internal quotation marks omitted); *see also Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining the term of art "abuse of discretion").

Following this review, we find that the District Court did not abuse its discretion in denying the preliminary injunction sought by Harvey and staying proceedings because the Texas judgments are entitled to full faith and credit.  The default judgment is presumptively valid until reversed or set aside.  *See, e.g.*, *Boorman v. Deutsch*, 547 N.Y.S.2d 18, 21 (1st Dep't 1989); *see also Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701–05 & n.9 (1982) ("It has long been the rule that principles of res judicata apply to jurisdictional determinations—both subject matter and personal.").

Although "[a] party against whom a default judgment is entered without obtaining jurisdiction over his person may appear and contest its validity or ignore the judgment and assert its invalidity wherever enforcement is attempted," *Boorman*, 547 N.Y.S.2d at 21, in this case Fresquez has attempted to enforce the judgments in Texas only.  Although Harvey concedes that the Texas court alone may vacate the default judgment, he insists that he is not seeking vacatur, but rather, an *in personam* injunction enjoining appellees from enforcing the Default Judgment in New York.  However, the substance of Harvey's complaint reveals that he is challenging appellees' attempt to enforce the default judgment and the judgment of garnishment in Texas.  His challenges to the Texas judgments are more appropriately directed at the Texas courts.  As the District Court observed, "[s]hould [Harvey] obtain vacatur of the Texas judgment . . .Harvey can apply to th[e District C]ourt for relief from the note on the various grounds asserted in the complaint."

---

[1] Federal Rule of Civil Procedure 67(a) provides:  "If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of the court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it."

3

### *CONCLUSION*

We have considered all of Harvey's arguments on appeal and find them to be without merit. For the reasons stated above, the order of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk