NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4557
_____

HONEYWELL INTERNATIONAL INC.,
                                        Appellant
                    v.

INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE
AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA;
ROBERT B. AMBROSINI, individually and as a representative of
a defendant class; PETER ANTONELLIS, individually and as a representative
of a defendant class; DANIEL KARDASH, individually and as a representative
of a defendant class; GEORGE L. STOUT, individually and as a representative
of a defendant class,

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-11-cv-4250)
District Judge:  Hon. William J. Martini
_____

Submitted Under Third Circuit LAR 34.1(a)
September 25, 2012

Before:  McKEE, *Chief Judge*, JORDAN, and VANASKIE, *Circuit Judges*.

(Filed: October 26, 2012 )
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Honeywell International Inc. ("Honeywell") appeals a judgment of the United States District Court for the District of New Jersey dismissing its Declaratory Judgment Act complaint against the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (the "Union") in favor of a second-filed suit that the Union brought against Honeywell in Michigan. Honeywell argues that it was reversible error for the District Court to not follow the "venerable 'first-filed' rule," under which the first of two identical suits in co-equal federal courts should generally proceed to judgment. (Appellant's Reply Br. at 1.) We disagree and will affirm.

## I.    Background

Honeywell, a diversified technology and manufacturing company, is incorporated in Delaware and maintains its principal place of business in New Jersey. The Union is headquartered in Michigan. For over fifty years, Honeywell and its predecessors have entered into collective bargaining agreements ("CBAs") with the Union. Those agreements are operative for a stated period of time, and are re-negotiated every three-to-four years in Michigan, on behalf of Honeywell employees in California, Indiana, Michigan, New Jersey, and New York. The CBAs provide, among other things, that Honeywell must afford certain healthcare benefits to retirees, their eligible dependents, and surviving spouses.

In the 2003 CBA, Honeywell and the Union "agreed to language that would limit the total amount of … contributions" Honeywell was required to make towards retiree benefits. (Joint App. at 27.) When the parties met to negotiate a new CBA in 2007,

2

however, the Union disputed the legality of that provision, claiming that "retiree healthcare benefits were legally vested and … that Honeywell [therefore] could not implement … [contribution] caps" on such benefits. (*Id.* at 33.) Despite the Union's disagreement with Honeywell, it "did not insist on any modifications to the cap language itself," but instead "asked for an extension of the effective date of the contribution caps." (*Id.* at 33-34.) Honeywell obliged, and the 2007 CBA thus provided that any "limit on [Honeywell] retiree health care contributions w[ould] not apply to any year prior to calendar year 2012." (*Id.* at 34 (internal quotation marks omitted).)

Honeywell and the Union met to negotiate a new CBA in 2011. During those negotiations, the Union told Honeywell that it "could not legally implement the caps with respect to those retirees, eligible dependents, and surviving spouses with a retirement date before" the effective date of the 2003 CBA. (*Id.* at 35.) Honeywell, in turn, "explained that the plain language of the 2003 and 2007 [CBAs] implemented the caps with respect to all 'present and future' retirees, … including … those … with [a] retirement date" before that time. (*Id.*) Despite taking those competing positions, however, neither party threatened litigation, and the CBA was ultimately finalized with the same contested contribution cap language that had been included in the 2003 and 2007 agreements.

Shortly thereafter, Honeywell filed suit against the Union in the District Court under the Declaratory Judgment Act, 28 U.S.C. § 2201.[1] Honeywell stated in its

---

[1] Section 2201 provides that in "a case of actual controversy within its jurisdiction, … any court of the United States … may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

complaint that it planned to "implement the contribution caps on January 1, 2012" as to "all present retirees, eligible dependents, and surviving spouses …, including those with an effective retirement date before" the 2003 CBA (*id.* at 36), and it asked the District Court to declare that it could do that without violating the Labor Management Relations Act, 29 U.S.C. § 185, or the Employee Retirement Income Security Act, 29 U.S.C. § 1132.

One day before the Union's answer to Honeywell's complaint was due, the Union filed suit against Honeywell in the United States District Court for the Eastern District of Michigan, alleging that Honeywell's plan to implement the benefit contribution caps violated the same federal laws as to which Honeywell's complaint sought a declaration of rights. The Union then moved in the District Court in New Jersey to dismiss Honeywell's complaint, arguing that the Court should decline to entertain Honeywell's request for declaratory relief so that the dispute could be litigated in Michigan.

The Court agreed with the Union. Although it recognized that Honeywell was a New Jersey domiciliary and that more of the affected retirees resided in New Jersey than in Michigan,[2] the Court determined that Michigan was a better forum for the dispute than New Jersey because it "ha[d] a greater nexus to the parties and the dispute." (*Id.* at 7.) As it explained:

> The parties' negotiations have taken place against the backdrop of Sixth Circuit precedent for over half a century. The … CBAs have been negotiated in the Eastern District of Michigan for more than 50 years, and

---

[2] As the Court pointed out, however, the largest group of retirees resides in neither New Jersey nor Michigan.

4

the 2003, 2007, and 2011 negotiations giving rise to this dispute took place in Michigan. The healthcare retirement language that is central to this dispute was negotiated in that District. Furthermore, the [Union] has been headquartered in the Eastern District of Michigan for more than 75 years and Honeywell's predecessors were headquartered in Michigan for decades. Finally, the office of Honeywell's chief negotiator (who negotiated the 2003, 2007, and 2011 CBAs) is located in the Eastern District of Michigan. Thus, the Court finds that Michigan has a stronger connection to the dispute.

(*Id.*)

In view of those facts and others, the District Court declined to entertain Honeywell's request for Declaratory Judgment Act relief. (*See id.* at 6-7 (noting that "'district courts possess discretion in determining whether and when to entertain an action under the [Declaratory Judgment Act]'" and invoking that "discretion to defer to [the Union's] choice of forum" (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995))).) In so ruling, the Court rejected the argument that Honeywell's complaint for declaratory relief should proceed rather than the later-filed Michigan action. While observing that the first-filed complaint would ordinarily be the one to proceed when substantially similar cases involving the same parties were pending in two judicial districts, the Court concluded that it was appropriate to depart from the first-filed rule under the circumstances of this case. In support of that conclusion, it pointed to the fact that Honeywell had sued before providing required statutory notice to the retirees of its plan,[3] which, the Court said, "suggest[ed] that Honeywell raced to the courthouse to get its choice of forum." (*Id.* at 8.)

---

[3] Under 29 U.S.C. § 1024, the administrator of a plan governed by the Employee Retirement Income Security Act must provide notice of a "material reduction in covered

The Court thus dismissed Honeywell's complaint "without prejudice." (*Id.* at 10.) This timely appeal followed.

## II.    Discussion[4]

Honeywell argues that the District Court's dismissal of its complaint was improper under the "first-filed rule," because, in its view, that principle of judicial administration should have ensured that its declaratory judgment suit in New Jersey would "trump" the Union's suit in Michigan. (Appellant's Opening Br. at 2.)

Honeywell is correct that the first-filed rule ordinarily counsels deference to the suit that was filed first, when two lawsuits involving the same issues and parties are pending in separate federal district courts. *See EEOC v. Univ. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988) (noting that the first-filed rule allows a co-equal federal court to "enjoin the subsequent prosecution of proceedings involving the same parties and the same issues

---

services or benefits … to participants and beneficiaries … ." 29 U.S.C. § 1024(b)(1)(B).

[4] The District Court had jurisdiction under 28 U.S.C. § 1331, because Honeywell's complaint demonstrates that the Union could seek coercive relief against Honeywell under the Labor Management Relations Act or the Employee Retirement Income Security Act. *See Metropolitan Life Ins. Co. v. Price*, 501 F.3d 271, 277 n.4 (3d Cir. 2007) (noting that, in "the declaratory judgment context, '[f]ederal courts have regularly taken original jurisdiction over … suits in which, if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question.'" (alterations in original) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 19 (1983))); *see also Stuart Weitzman, LLC v. Microcomputer Res., Inc.*, 542 F.3d 859, 862 (11th Cir. 2008) ("Federal question jurisdiction exists in a declaratory judgment action if the plaintiff has alleged facts in a well-pleaded complaint which demonstrate that the defendant *could* file a coercive action arising under federal law." (citation and internal quotation marks omitted)). We have jurisdiction under 28 U.S.C. § 1291, "notwithstanding [the dismissal order's] without prejudice modifier," as Honeywell has, in appealing, "elected to stand upon the original complaint." *Frederico v. Home Depot*, 507 F.3d 188, 192 (3d Cir. 2007) (citation and internal quotation marks omitted).

6

already before another district court"). That general rule applies to suits under the Declaratory Judgment Act, such as Honeywell's, *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 930 (3d Cir. 1941), but it is not, as Honeywell seems to argue, a dispositive rule, nor does it override the district court's discretionary authority to determine whether or not to entertain a suit for declaratory relief, *see* 28 U.S.C. § 2201(a) (noting a court "*may* declare the rights and other legal relations of any interested party seeking [a] declaration" (emphasis added)); *Wilton*, 515 U.S. at 282 ("[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act … .").

"[C]ourts have consistently recognized that the first-filed rule is not a rigid or inflexible rule to be mechanically applied." *Univ. of Pa.*, 850 F.2d at 976 (citation and internal quotation marks omitted). Rather, though "exceptions … are rare," *id.*, the first-filed rule may properly be departed from as the equities of a given case require. *See id.* at 976-77 (surveying the "proper bases for departing from the rule" and noting that the "letter and spirit of the … rule … are grounded on equitable principles"). Among other bases grounded in what "is right and equitable under the circumstances and the law," *id.* at 977, it may, for example, be appropriate to dispense with the first-filed rule amidst evidence of "[b]ad faith" or "forum shopping," *id.* at 976, or because the "balance of convenience favors the second-filed action," *Emp'rs Ins. v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 275 (2d Cir. 2008) (internal quotation marks omitted).

Ultimately, then, the first-filed rule "is not a mandate directing wooden application of the rule." *Univ. of Pa.*, 850 F.2d at 972. And because that is so, we review the

decision to apply or depart from it for an abuse of discretion, *id.*, meaning that we will not disturb the district court's decision "unless there is a definite and firm conviction that the [district court] committed a clear error of judgment in the conclusion it reached." *Hanover Potato Prods., Inc. v. Shalala*, 989 F.2d 123, 127 (3d Cir. 1993). The District Court did not commit reversible error under that standard.

We would not be understood as endorsing a casual approach to the first-filed rule, and the District Court was not casual here. Its ruling was substantially based on the fact that Michigan had a greater nexus to the dispute than New Jersey, and that Honeywell's decision to sue before providing the required statutory notice suggested that it was attempting to beat the Union to the courthouse. Those conclusions find support in the record and were factors that the District Court could appropriately consider in determining whether deference to the second-filed action for coercive relief was "right and equitable under the circumstances." *Univ. of Pa.*, 850 F.2d at 977; *cf. Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 980 (7th Cir. 2010) (observing that "where the parallel cases involve a declaratory judgment action and a mirror-image action seeking coercive relief … we ordinarily give priority to the coercive action, regardless of which case was filed first"); *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551-52 (6th Cir. 2007) (noting that the "first-filed rule … much more often than not gives way in the context of a coercive action filed subsequent to a declaratory judgment [action]" and thus opining that cases "construing the interplay between declaratory judgment actions and suits based on the merits of underlying substantive claims create … a presumption that a first filed

8

declaratory judgment action should be dismissed … in favor of the substantive suit" (citation and internal quotation marks omitted)).

We conclude, therefore, that the District Court did not abuse its discretion in dismissing Honeywell's Declaratory Judgment Act suit in favor of the second-filed action for coercive relief in the Eastern District of Michigan.

## III.	Conclusion

For the foregoing reasons, we will affirm the District Court's order granting the Union's motion to dismiss.