**AEI LIFE, LLC, Plaintiff,**

v.

**LINCOLN BENEFIT LIFE COMPANY, Defendant.**

No. 14–CV–6449.

United States District Court, E.D. New York.

Signed Feb. 24, 2015.

Eric A. Biderman, Julius A. Rousseau, Arent Fox LLP, New York, NY, for AEI Life, LLC.

Katherine Leigh Villanueva, Jason P. Gosselin, Drinker Biddle & Reath LLP, Philadelphia, PA, for Lincoln Benefit Life Company.

## MEMORANDUM & ORDER

JACK B. WEINSTEIN, Senior District Judge.

## Table of Contents

I. Introduction ....................................................... 39

II. Facts ............................................................. 40
 A. Insurance Policy ................................................ 40
 B. New Jersey Action .............................................. 40
 C. Appeal ......................................................... 42
 D. Instant Action ................................................. 42

III. Law ............................................................. 42
 A. Improper Venue ................................................. 42
 B. Choice of Law .................................................. 43
 C. Final Judgment Rule ............................................ 43
 D. First–to–File Rule ............................................. 44

IV. Application of Law to Facts ...................................... 45

V. Conclusion ........................................................ 46

## I. Introduction

This memorandum considers whether a pending appeal in another circuit of a final judgment ordering dismissal on jurisdictional grounds under the first-to-file doctrine precludes this court from exercising jurisdiction. It does not. The case may go forward in this court. A delay of resolution on the merits is not justified.

In June of 2013, defendant Lincoln Benefit Life Company ("LBL") sued plaintiff AEI Life, LLC ("AEI") and four other defendants in the United States District Court for the District of New Jersey ("District of New Jersey" or "New Jersey District Court"). LBL claimed that AEI and its codefendants illegally sought to benefit from a stranger-owned life insurance ("STOLI") scheme in collusion with the insured, Gabriella Fischer.

Denying jurisdictional discovery, the New Jersey District Court dismissed the action for lack of subject matter jurisdiction. The case was closed on April 10, 2014. No stay of the dismissal was sought. *See* Hr'g Tr., Feb. 23, 2015.

LBL appealed to the Court of Appeals for the Third Circuit. The appeal has been argued and is awaiting decision.

Subsequently, AEI filed the instant suit against LBL in the Supreme Court of New York, Kings County. It sought damages for LBL's alleged breach of the policy by bringing a federal action in New Jersey, and a declaration that LBL is barred from challenging the validity of the policy. The case has been removed to this court on diversity grounds.

No motion has been made arguing that this court lacks personal or subject matter jurisdiction. Defendant's motion to dismiss or stay resolution is denied.

## II. Facts

### A. Insurance Policy

In 2008, LBL issued a large life insurance policy (No. 01N140493) to Fischer, then age seventy-six. (AEI Compl. ¶ 9, No. 14–CV–6449 (E.D.N.Y.), ECF No. 1–1 ("E.D.N.Y. Compl."); LBL Compl. ¶ 24, No. 13–CV–4117 (D.N.J.), ECF No. 1 ("D.N.J. Compl.").) The owner and beneficiary of the policy was "The Gabriella Fisher Trust 2/19/08" (the "trust"). (E.D.N.Y. Compl. ¶ 10; D.N.J. Compl. ¶ 24.)

AEI contends that it is now the sole owner and beneficiary. (*Id.* at ¶ 2; Def.'s Mot. to Dismiss or Alternatively Stay 3, No. 14–CV–6449 (E.D.N.Y.), ECF No. 6 ("Def.'s Mot. to Dismiss").) It is alleged that, at the time the policy was issued: (1) the insured, Fischer, was a resident of Brooklyn, New York; (2) the situs of the trust was New York; and (3) the policy was delivered to the trust in New York. (E.D.N.Y. Compl. ¶¶ 11–13.) LBL counters that the policy was presented in the State of New Jersey and that the application for the policy was signed in New Jersey. (Def.'s Mot. to Dismiss 9.) The signature page of the policy application reflects that the contract was signed in Lakewood, New Jersey. (Life Insurance Policy 45, No. 13–CV–4117 (D.N.J.), ECF No. 16–2.)

The policy indicates: "This [policy] is subject to the laws of the state where the application was signed"—*i.e.*, New Jersey. (*Id.* at 36.) It also contains a two-year contestabili-ty period that AEI alleges has expired under the terms of the contract. (Pl.'s Opp'n to Def.'s Mot. to Dismiss 14, No. 14–CV–6449 (E.D.N.Y.), ECF No. 11.) The contestability provision reads:

> [LBL] will not contest this certificate after it has been inforce [*sic* ] during the lifetime of the insured for two years from the issue date. . . .

(Life Insurance Policy 35.)

On August 19, 2011, more than two years after the contestability provision of the policy expired, Progressive Life Solutions, LLC ("Progressive"), it is claimed, purchased the policy from the trust. (E.D.N.Y. Compl. ¶ 16.)

Twelve days later, on August 31, 2011, plaintiff AEI, a New York limited liability company that maintains its principal place of business in New York, purchased the policy from Progressive. (*Id.* at ¶ 17.) AEI's acquisition of the policy was negotiated and executed in New York. (AEI Decl. in Supp. of Def.'s Mot. to Dismiss ¶ 9, No. 13–CV–4117 (D.N.J.), ECF No. 32–2 ("Elbogen Decl.").) "AEI purchased the [p]olicy for value and without knowledge [of] the [p]olicy's purported lack of insurable interest." (E.D.N.Y. Compl. ¶ 5.) All subsequent actions taken by AEI with respect to the policy have occurred in New York. (*Id.* at 29.)

On September 5, 2011, LBL approved the transfer of the policy from the trust to AEI. (Elbogen Decl. ¶ 11.)

### B. New Jersey Action

In June of 2013, LBL commenced an action in the District Court of New Jersey (the "New Jersey action"). *Lincoln Benefit Life Co. v. AEI Life, LLC et al.*, 13 F.Supp.3d 415, 417 (D.N.J.2014). It asserted that venue was proper under section 1391(b)(2) of Title 28 of the United States Code "because a substantial part of the events giving rise to the claims occurred in New Jersey." (D.N.J. Compl. ¶ 14.) LBL identified itself as a citizen of the State of Nebraska. *Lincoln Benefit Life Co.*, 13 F.Supp.3d at 418. The action named five defendants, including AEI. *Id.*

LBL asserted two causes of action against AEI: (1) for negligent misrepresentation; and (2) seeking a declaration that the policy was void because it lacked an insurable interest at its inception. *Id.* at 419. LBL alleged that AEI was domiciled in New York, maintained its principal place of business in New York, and was a citizen of New York. *Id.* at 420.

LBL claimed that the policy was void because it was procured fraudulently through a STOLI scheme—*i.e.*, it was procured for the benefit of third-party investors and not the insured. (D.N.J. Compl. ¶¶ 15–28.) A "typical STOLI transaction" can be described as follows:

> [It] begins with an agent who sells a life insurance policy to an elderly insurable candidate in exchange for up-front cash. The agent explains that the candidate can obtain the policy at virtually no cost to the insured because the agent has secured non-recourse financing to purchase the policy. The elderly insured, in turn, promises to sell the policy in the future to a lender if certain conditions are not met. The insured then acts as a "nominal grantor" of a life insurance trust that is used to apply for the policy. At that time, the agent will tell the insured that, in all probability, the policy will be sold to investors for a price that will pay the loan and accrued interest, leaving a profit to split between the agent and the insured.

*Lincoln Nat. Life Ins. Co. v. Schwarz,* No. 09–CV–03361, 2010 WL 3283550, at *1 (D.N.J. Aug. 18, 2010) (citing *Life Prod. Clearing LLC v. Angel,* 530 F.Supp.2d 646, 648 (S.D.N.Y.2008)) (internal quotation marks omitted). *See also* Debora L. Jacobs, *Insurance Agents Charged In $100 Million Fraud Scheme,* Forbes (Feb. 20, 2012), available at: http://www.forbes.com (same).

LBL claimed that Fischer was approached to participate in this STOLI scheme. (D.N.J. Compl. ¶ 21.) The plan, it alleged, called for the creation of a trust that would be the owner and beneficiary of Fischer's life insurance policy; it was not part of a legitimate estate planning effort "but instead was used to create an instrument that would allow for the transfer of the policies, or an interest in the policies, without alerting LBL." (*Id.* at ¶ 22.) LBL claimed that the policies were transferred to an investor on the secondary market "almost immediately upon issuance," and later transferred to AEI. (*Id.* at ¶ 27.)

On December 20, 2013, AEI moved to dismiss the New Jersey action, arguing that the court lacked personal jurisdiction, and that LBL failed to adequately allege subject matter jurisdiction. (Def. AEI's Mot. to Dismiss 5, No. 13–CV–4117 (D.N.J.), ECF No. 32.) The first argument was premised on a lack of minimum contacts theory, while the second was rooted in defendant's failure to allege any facts about the citizenship of each of AEI's limited liability members in order to establish diversity jurisdiction. (*Id.*) Because information about the citizenship of AEI's members was not publicly available, LBL requested jurisdictional discovery about the citizenship of AEI's members. (Pl.'s Opp'n to Def. AEI's Mot. to Dismiss 18–24, No. 13–CV–4117 (D.N.J.), ECF No. 34.) Without such discovery, it admitted that it could not establish that the citizenship of every member of the LLC was diverse to plaintiff. (*Id.* at 4.)

On April 4, 2014, the New Jersey District Court issued a final judgment granting AEI's motion to dismiss LBL's complaint without prejudice for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (Order 2, No. 13–CV–4117 (D.N.J.), ECF No. 38.) *See also Lincoln Benefit,* 13 F.Supp.3d at 425–26 (holding that allegations regarding citizenship of LLC-defendants are insufficient to establish diversity of individual members). Six days later, on April 10, 2014, the case was marked terminated on the docket.

It was not, the district court found, enough for LBL to allege that an LLC-defendant was diverse; more specific information regarding the citizenship of each member was required. *Lincoln Benefit,* 13 F.Supp.3d at 425–26. Denied was LBL's request for jurisdictional discovery. *Id.* at 425. The court found it illogical to allow plaintiff, which failed to plead diversity, to proceed with discovery to determine whether diversity jurisdiction in fact existed and whether "the

[c]omplaint was properly brought" in the first place. *Id.* at 425. The court did not reach AEI's argument that personal jurisdiction was also lacking. *Id.*

## C. Appeal

LBL filed a notice of appeal to the Court of Appeals for the Third Circuit. (Notice of Appeal, No. 13–CV–4117 (D.N.J.), ECF No. 39.) The appeal was docketed on May 9, 2014. (Notice of Appeal, May 9, 2014, No. 14–2660 (3d Cir.).)

In its brief, challenging the district court's judgment, LBL summarized its views as follows:

[*First,*] [t]he Supreme Court has held only that the citizenship of an unincorporated entity is based on the citizenship of its individual members; it has not held that a plaintiff must specifically allege the identities of the individual members of LLC-defendants for purposes of establishing diversity jurisdiction. . . .

[*Second,*] [b]ecause the information regarding the identities of the members of the LLC-defendants is not publicly (or otherwise) available, [LBL] sought permission to conduct limited, jurisdictional discovery for purposes of ascertaining the relevant information and amending the complaint accordingly. . . . Contrary to the district court's opinion, such discovery would not impose a burden on courts and would allow [LBL] a fair opportunity to present its case in federal court.

(Appellant Br. 13–14, Sept. 3, 2014, No. 14–2660 (3d Cir.).).

On January 14, 2015, the Court of Appeals for the Third Circuit heard oral argument on LBL's appeal. (3d Cir. Oral Arg. Hr'g Tr., No. 14–CV–6449 (E.D.N.Y.), ECF No. 12–2.) AEI did not participate. (*Id.*)

## D. Instant Action

On September 3, 2014 AEI filed the instant action in the Supreme Court of the State of New York, Kings County. (E.D.N.Y. Compl. 1, 11) LBL was named as the sole defendant. (*Id.* at 1.) AEI requested: (1) a declaration that policy 01N1404934 is in full force and effect and that LBL is

barred from challenging the validity of the policy; and (2) compensatory damages for LBL's breach of the policy's incontestability provision by its attempt to void the policy by bringing a federal action in New Jersey. (*Id.* at 7–11.)

On October 31, 2014, LBL removed the action to this court on the basis of diversity jurisdiction. (Def.'s Notice of Removal ¶ 6, No. 14–CV–6449 (E.D.N.Y.), ECF No. 1.)

AEI has continued to make premium payments on the policy. (E.D.N.Y. Compl. at ¶ 22.) These payments have been allegedly accepted by LBL without objection. (*Id.*) Verifications of Coverage for the policy have also allegedly been issued to AEI since it became the sole owner and beneficiary of the trust. (*Id.* at ¶ 23.)

## III. Law

### A. Improper Venue

■ On a motion to dismiss a complaint under Rule 12(b)(3) for improper venue, the plaintiff bears the burden of establishing that venue is proper. *Cold Spring Harbor Lab. v. Ropes & Gray LLP,* 762 F.Supp.2d 543, 551 (E.D.N.Y.2011). In analyzing a claim of improper venue, a court must view all facts in the light most favorable to the plaintiff. *Phillips v. Audio Active Ltd.,* 494 F.3d 378, 384 (2d Cir.2007). The decision whether to dismiss an action for improper venue is committed to the court's "sound discretion." *Cold Spring Harbor Lab.,* 762 F.Supp.2d at 551 (citing *Minnette v. Time Warner,* 997 F.2d 1023, 1026 (2d Cir.1993)).

A civil action is properly brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2).

■ To apply the statute, the district court must engage in a two-step inquiry: "(1) identify the nature of the claims and the acts or omissions that the plaintiff alleges give rise to those claims, and (2) determine whether a substantial part of those acts or omissions occurred in the district where the suit was filed." *Fisher v. Int'l Student*

*Exch., Inc.,* 38 F.Supp.3d 276, 284–85 (E.D.N.Y.2014) (quoting *Daniel v. Am. Bd. of Emergency Med.,* 428 F.3d 408, 432 (2d Cir. 2005)) (internal quotation marks omitted).

■ The Court of Appeals for the Second Circuit has instructed that venue may be proper "in multiple judicial districts as long as 'a substantial part' of the underlying events took place in those districts." *Gulf Ins. Co. v. Glasbrenner,* 417 F.3d 353, 356 (2d Cir.2005). "'Substantiality' for venue purposes is more of a qualitative than a quantitative inquiry, determined by assessing the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum, and not by simply adding up the number of contacts." *Cold Spring Harbor Lab.,* 762 F.Supp.2d at 553.

■ "[F]or venue to be proper, *significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." *Gulf Ins. Co.,* 417 F.3d at 357 (emphasis in original). Venue is appropriate in each district where a substantial part of the events occurred, and thus venue may be appropriate in a given district even if a greater portion of events occurred elsewhere. *Astor Holdings, Inc. v. Roski,* No. 01–CV–1905, 2002 WL 72936, at *8 (S.D.N.Y. Jan. 17, 2002). *See also Arabi v. Javaherian,* No. 13–CV–00456, 2014 WL 3892098, at *9–10 (E.D.N.Y. May 1, 2014) ("At a time when travel from Dallas, Texas to New York City can be accomplished in less than four hours, when documents can be scanned and digitally transmitted anywhere ... the best that can be said is that the scales tip evenly [for either jurisdiction]. Under these circumstances, deference to the plaintiff's choice of forum is warranted."); *Doe v. N.Y.,* No. 10–CV–1792, 2012 WL 4503409, at *5 (E.D.N.Y. Sept. 28, 2012) (holding Eastern District of New York to be proper venue for cause of action to be heard despite fact that other locales were implicated in claim).

Venue is proper in the Eastern District of New York where a substantial part of the relevant events occurred here.

## B. Choice of Law

■ A choice of law provision alone is insufficient to defeat personal jurisdiction. *See Burger King v. Rudzewicz,* 471 U.S. 462, 482, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (holding that a choice-of-law contractual provision is not dispositive of issues related to jurisdiction); *cf. CutCo Indus., Inc. v. Naughton,* 806 F.2d 361, 366–67 (2d Cir.1986) (finding that while a choice of law provision is one factor in the determination of jurisdictional contacts, such a provision "does not constitute a voluntary submission to personal jurisdiction"); *Harvey v. Fresquez,* No. 10–CV–5291, 2011 WL 855875, at *2 (S.D.N.Y. Mar. 8, 2011) *aff'd,* 479 Fed.Appx. 360 (2d Cir.2012) ("In the absence of any language in the promissory note conferring exclusive jurisdiction on a Texas court—and there is none (New York courts being perfectly capable of applying Texas law to a note)—customary principles of long arm jurisdiction and constitutional law must be used to ascertain whether [plaintiff] was amenable to suit in Texas.").

Choice of New Jersey law will not defeat venue in this district.

## C. Final Judgment Rule

"A cornerstone of the federal judicial system, defining the institutional relationship of the district and appellate courts, is the final judgment rule. This principal has been a part of the federal court system since its inception, having been adopted by the Judiciary Act of 1789." *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.,* 71 F.Supp.2d 139, 146 (E.D.N.Y.1999) (citing *Cobbledick v. United States,* 309 U.S. 323, 324, 60 S.Ct. 540, 84 L.Ed. 783 (1940)) (describing the lengthy history and policies underlying the final judgment rule). In its current manifestation, the final judgment rule provides in pertinent part:

The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States ... except

where a direct review may be had in the Supreme Court.

28 U.S.C. § 1291.

■ In order to determine if a final judgment has issued, the Court of Appeals for the Second Circuit generally looks for some "clear and unequivocal manifestation by the trial court of its belief that the decision made, so far as it is concerned, is the end of the case." *Fiataruolo v. United States*, 8 F.3d 930, 937 (2d Cir.1993) (Court of Appeals for the Second Circuit takes "a practical view of both the wording of the judgment and the surrounding circumstances").

The final judgment rule ensures that three crucial goals of federal practice are met. *First,* it ensures the efficient use of judicial resources. *Nat'l Asbestos Workers Med. Fund,* 71 F.Supp.2d at 148–49. *Second,* it preserves the distinct and vital role of the trial judge in the federal system. *Id.* at 149–51. *Third,* it prevents unnecessary delay or harassment of parties. *Id.* at 151. Justice Frankfurter summarized the matter as follows:

> Since the right to a judgment from more than one court is a matter of grace and not a necessary ingredient of justice, Congress from the very beginning has, by forbidding piecemeal disposition on appeal of what for practical purposes is a single controversy, set itself against enfeebling judicial administration. Thereby is avoided the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment. To be effective, judicial administration must not be leaden-footed.

*Cobbledick,* 309 U.S. at 325, 60 S.Ct. 540.

### D. First–to–File Rule

■ In the interest of judicial economy, the first-to-file rule allows a court to stay an action that involves the same parties, issues, and facts as an action currently pending in another court. "There is a general presumption that where there are two competing lawsuits, the first suit should have priority, absent the showing of a balance of convenience or special circumstances giving

priority to the second." *Dornoch Ltd. ex rel. Underwriting Members of Lloyd's Syndicate 1209 v. PBM Holdings, Inc.,* 666 F.Supp.2d 366, 369 (S.D.N.Y.2009) (citing *First City Nat'l Bank & Trust Co. v. Simmons,* 878 F.2d 76, 79 (2d Cir.1989)). The first-to-file rule "states that, in determining the proper venue, where there are two competing lawsuits, the first suit should have priority." *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.,* 599 F.3d 102, 112 (2d Cir.2010) (internal quotation marks and citation omitted).

■ The rule does not provide "an invariable mandate." *Emp'rs Ins. of Wausau v. Fox Entm't Grp., Inc.,* 522 F.3d 271, 275 (2d Cir.2008). Instead, it creates a presumption in favor of proceeding in the forum where the first complaint was filed. *Id.* It is not meant to be applied in a "rigid" or "mechanical" way, "and is quite commonly overcome where circumstances warrant." *Dornoch Ltd.,* 666 F.Supp.2d at 369. Whether to apply the first-to-file rule is ultimately an equitable task within the sound discretion of the district court. *See, e.g., 800–Flowers, Inc. v. Intercont'l Florist, Inc.,* 860 F.Supp. 128, 133 (S.D.N.Y.1994).

In applying the first-to-file rule with respect to dismissed actions—*which do not constitute currently pending claims under the final judgment rule*—a distinction is drawn between the first-filed action and the court first obtaining jurisdiction over the action. *Somasekharan v. Lawrence & Assocs., Inc.,* No. 07–CV–2087, 2007 WL 2680954, at *3 (C.D.Ill. July 13, 2007) (finding that dismissed actions are not considered currently pending claims under the first-to-file rule), *report and recommendation adopted,* No. 07–CV–2087, 2007 WL 2685154 (C.D.Ill. Aug. 1, 2007); *Trippe Mfg. Co. v. Am. Power Conversion Corp.,* 46 F.3d 624, 628 (7th Cir. 1995) (holding that once a claim was dismissed by an Illinois court, a Rhode Island court was free to address the merits of that claim "without risk of duplicative litigation"); *see also supra* Part III.C (discussing final judgment rule).

■ It is not the case first filed that has precedence; rather, it is the court that first

obtains jurisdiction over the parties and the issues that should normally proceed with the litigation. *See Nat'l Equip. Rental, Ltd. v. Fowler,* 287 F.2d 43, 45 (2d Cir.1961); *see also Rebstock v. Ferrari,* No. 89–CV–68, 1989 WL 30260, at *3 (E.D.La. Mar. 28, 1989) (same); *Jefferson Ward Stores, Inc. v. Doody Co.,* 560 F.Supp. 35, 37 (E.D.Pa.1983) (same).

Defendant's reliance on *Silver Line Bldg. Prods. LLC v. J–Channel Indus. Corp.,* 12 F.Supp.3d 320, 328 (E.D.N.Y.2014), is inapposite. (Def.'s Mot. to Dismiss 6.) In that case, the United States District for the Eastern District of Tennessee ("Eastern District of Tennessee") did not find that it lacked jurisdiction over the action filed on October 9, 2013. *Silver Line,* 12 F.Supp.3d at 322. Rather, the *Silver Line* court found that the cause of action filed in the United States District Court for the Eastern District of New York on November 26, 2013 was the second filed action under the first-to-file rule. *Id.* This finding led the court to conclude that the Eastern District of Tennessee was the appropriate forum to determine whether departure from the first-to-file rule was warranted. *Id.* In the instant case, the District of New Jersey is not equipped to determine whether departure from the first-to-file rule is warranted because it decided that it lacked jurisdiction over this action.

■ The first-to-file doctrine is not applied when the "balance of convenience"—determined using the same factors considered in connection with motions to transfer venue—"favors the second-filed action." *Emp'rs Ins. of Wausau,* 522 F.3d at 275. The Court of Appeals for the Second Circuit has consistently emphasized that the "first-to-file" rule "is only a presumption that may be rebutted by proof of the desirability of proceeding in the forum of the second filed action" and that the "balance of convenience" analysis comprises the "centrality" of the doctrine. *N.Y. Marine & Gen. Ins. Co.,* 599 F.3d at 113 (quoting *Emp'rs Ins. of Wausau,* 522 F.3d at 275–76); *accord Honeywell Intern. Inc. v. Int'l Union, United Auto.,* 502 Fed.Appx. 201, 205 (3d Cir.2012) ("[T]he first-filed rule may properly be departed from as the equities of a given case require ... [including where] the balance of conven-ience favors the second-filed action." (internal quotation marks and citations omitted)).

Courts reject the first-to-file rule when the second filed action has developed further than the initial suit. *See, e.g., Orthmann v. Apple River Campground, Inc.,* 765 F.2d 119, 121 (8th Cir.1985); *Church of Scientology v. United States Dep't of Army,* 611 F.2d 738, 750 (9th Cir.1979); *cf. Yoder v. Heinold Commodities, Inc.,* 630 F.Supp. 756, 760–61 (E.D.Va.1986) ("Foremost among [the] equitable considerations are the timing and circumstances surrounding the filing of [the first suit].").

■ Seven factors inform the "balance of convenience" analysis: (1) plaintiff's choice of forum; (2) convenience of the witnesses; (3) location of relevant documents and relative ease of access to sources of proof; (4) convenience of the parties; (5) locus of operative facts; (6) availability of process to compel attendance of unwilling witnesses, and (7) relative means of the parties. *Emp'rs Ins. of Wausau,* 522 F.3d at 275; *see also Weber–Stephen Prods. Co. v. Ivy Mar Co.,* No. 93–CV–5462, 1994 WL 11711, at *1 (N.D.Ill. Jan. 13, 1994) (refusing to stay second filed action, and directing preliminary discovery disputes away from the first-filed forum, which was not then in a position to promptly resolve discovery disputes).

## IV. Application of Law to Facts

■ The New Jersey District Court issued a final judgment dismissing LBL's action based on lack of subject matter jurisdiction. It closed the case on April 10, 2014. No stay of that judgment was sought. *See* Hr'g Tr. Feb. 23, 2015. The judgment of dismissal is binding on the Eastern District of New York court. *Id.* Since the New Jersey court never obtained jurisdiction over the case, the first-to-file rule is inapplicable. *See supra* Part III.C. Although an appeal was docketed on May 9, 2014, a pending appeal of a jurisdictional dismissal does not alter the standard rule under the first-to-file doctrine that priority is given to the first court that obtains jurisdiction over the parties and the subject matter. *Id.*

This court obtained subject matter and personal jurisdiction over the parties on October 31, 2014, when the case was removed from New York State Supreme Court on diversity jurisdiction grounds. *Cf. Williams v. Preeminent Protective Servs., Inc.,* No. 14–CV–5333, —— F.Supp.3d ——, ——, 2015 WL 365926, at *2 (E.D.N.Y. Jan. 29, 2015) (holding that "a district court sitting in a diversity action ... may exercise personal jurisdiction to the same extent as the courts of general jurisdiction of the state in which it sits." (quoting *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,* 305 F.3d 120, 124 (2d Cir.2002))). Neither AEI nor LBL has contested this court's jurisdiction.

 Alternatively, under the balance of convenience analysis, *see supra* Part III.C, this court is well placed to proceed with this dispute:

*First,* as the plaintiff in this action, AEI is entitled to some deference in choosing the forum. As a limited liability company with a principal place of business in Brooklyn, New York, the United States District Court for the Eastern District of New York is plaintiff's home forum; New Jersey is not the home forum of either party.

*Second,* although defendant is a Nebraska resident, with respect to witnesses, it should not be less convenient for the case to be litigated and tried in New York than in New Jersey. AEI's witnesses, in addition to the insured, and the representative of the trust are located in New York.

*Third,* the location of relevant documents and sources of proof in this action are likely located in New York since all of defendants in LBL's original action brought forward in New Jersey were based in New York.

*Fourth,* because the witnesses, documents, and other relevant sources of proof are in New York, it is convenient for the parties to try the action here.

*Fifth,* the locus of operative facts points to New York: (1) the insured resided in Brooklyn at the time the policy originated; (2) the trust to which the policy was delivered has its situs in New York; (3) AEI acquired the policy from a New York company, in a transaction negotiated and executed in New York;

and (4) all those involved in the alleged STO-LI scheme are based in New York. While substantive New Jersey law may govern the dispute, choice of law alone is not dispositive of venue. *See supra* Part III.B.

*Sixth,* because essential witnesses to this dispute appear to reside in New York, and not in New Jersey, this court has the power to compel their testimony.

*Seventh,* the means of the parties is not a significant factor in this case. The defendant has assets sufficient to litigate in New York. *See* Allstate Closes Sale of Lincoln Benefit Life, insurancenews.net, April 1, 2014, *available at:* http://insurancenewsnet.com/article/2014/04/01 ("Net income generated by [LBL] was approximately $140 million in 2013.").

The balance of convenience test demonstrates that the locus of substantial events or omissions related to this claim is in New York. The United States District Court for the Eastern District of New York is an appropriate venue in which to bring this action. *See supra* Part III.A.

Even if the Court of Appeals for the Third Circuit finds in favor of LBL, AEI may renew its personal jurisdiction challenge, which will further delay resolution of the merits of the parties' dispute. (Pl.'s Opp'n to Def.'s Mot. to Dismiss 10.) The first-to-file rule and the final judgment rule were created to prevent such delay. *See supra* Part III.C & D.

## V. Conclusion

Defendant's motion to dismiss or, alternatively, to stay this action is denied.

SO ORDERED.